SEIGAFOLAVA R. PENE (H/C) and
CARMENCITA PENE, Appellants

v.

BANK OF HAWAII, Appellee

High Court of American Samoa
Appellate Division

AP No. 11-89

April 26, 1991

Before FONG,* Acting Associate Justice, KLEINFELD,** Acting Associate Justice, MALEATASI,*** Acting Associate Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge.

Counsel: Appellants, Pro Se
 For Appellee, John L. Ward II

Fong, J.:

---

*Honorable Harold M. Fong, Chief Judge, United States District Court, District of Hawaii, serving by designation of the Secretary of the Interior.

**Honorable Andrew J. Kleinfeld, Judge, United States District Court, District of Alaska, serving by designation of the Secretary of the Interior.

***Honorable Maleatasi Togafau, District Judge, serving by designation of the Secretary of the Interior.

52

Appellants Seigafolave R. Pene (H/C) and Carmencita Pene (hereinafter the Penes) have filed and extraordinary brief for relief and/or final reconsideration of the court's Opinion and Order on Petition for Rehearing, filed on February 11, 1991. *See Pene v. Bank of Hawaii*, 18 A.S.R.2d 65 (1991).

Appellants have previously petitioned this court for rehearing and/or reconsideration of the Opinion and Order filed by this court on December 11, 1990, affirming the trial court's order granting summary judgment in favor of appellee-plaintiff Bank of Hawaii.

Appellants first argue that there was not strife between Mr. Pene and his wife. Whether or not this is true is of no consequence to the court, as it does not affect the written or unwritten status of the Note and Security Agreement.

Appellants have raised no new issues of fact or law and have merely submitted extensive portions of the transcript of the hearing on their previous motion. Appellant Seigafolave Pene restates his opinion that he is an expert in Samoan customs and traditions; however, the court is not persuaded that its decision in any way violates any portion of the Revised Constitution of American Samoa.

Appellants then assert that although personal jurisdiction may be properly extended over persons residing in American Samoa, the High Court will not have jurisdiction unless the disputed transaction itself took place within American Samoa. However, A.S.C.A. § 3.0103(b), which allows the court to extend personal jurisdiction over persons or businesses on the basis of their contacts with American Samoa, does not dilute the effect of A.S.C.A. § 3.0103(a), which states: "A court may exercise personal jurisdiction in civil cases over persons residing or found in American Samoa, or who have been duly summoned or voluntarily appear."

Appellee properly brought suit against appellants in American Samoa, where they have lived for more than five years. Appellants' interpretation of the statute would allow any resident of American Samoa to avoid suit for any incident which occurred within the United States or any other country simply by rushing back to American Samoa. Jurisdiction is proper in the High Court.

Accordingly, having reviewed appellants' arguments in support of their petition for rehearing and finding none compelling, appellants'

extraordinary brief for relief and/or final reconsideration is hereby DENIED.